**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

In the Matter of:                                                    Case No. 01-5005-lmj7

CRESTLAND COOPERATIVE,

              Debtor

**MEMORANDUM OF DECISION
(date entered on docket: October 2, 2006)**

Contending Chapter 7 Debtor Crestland Cooperative ("Crestland") owed it

additional property taxes at the time Crestland filed a petition for relief under Chapter 11

of the United States Bankruptcy Code, Creditor Union County, Iowa ("Union County")

moves to amend Proof of Claim Number 844 that it timely filed when this case was

pending under Chapter 11.  It  requests the amended claim be deemed to relate back to

the date of the original proof of claim pursuant to Rule 7015 of the Federal Rules of

Bankruptcy Procedure.[1]  Arguing that the additional amount should be construed as a

new claim because it is not based on a standard property tax assessment but rather

arises out of Crestland's contractual obligation to pay Union County the tax debt of

Crestland's subsidiary, CF Processing, LLC ("CF Processing"), the Chapter 7 Trustee

("Trustee") and Creditor Wachovia Bank, N.A. ("Wachovia") object.

In lieu of presenting testimony at an evidentiary hearing, the parties preferred to

submit the contested matter on a stipulation of facts and their respective written and oral

---

[1] In the alternative, Union County argues that the proposed amended claim attached to the motion for leave to amend Proof of Claim Number 844 should be allowed as a tardily filed claim entitled to priority distribution pursuant to 11 U.S.C. section 507(a)(8)(B) (2000) and 11 U.S.C. section 726(a)(1) (2000). The Court will not address this alternative request because a creditor does not need court permission to file a proof of claim tardily and such claim will be deemed allowed unless a party in interest objects.  11 U.S.C. § 501(a) (2000); 11 U.S.C. § 502(a)(2000).

arguments.  Having reviewed the written arguments, the recorded oral arguments and

taking judicial notice of the relevant portions of the docket in this case and the relevant

portions of the docket in the dismissed Chapter 11 case of CF Processing (Case No.

01-05524-lmj11), the Court now enters its decision denying the relief requested.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1334 and

the standing order of reference entered by the United States District Court for the

Southern District of Iowa.  This is a core matter under 28 U.S.C. section 157(b)(2)(B).

## STIPULATED FACTS

In their limited stipulation of facts, the parties state:

1. Union County's original Proof of Claim was for property taxes allegedly owed by the debtor, Crestland Cooperative.
2. Union County's amended Proof of Claim, which is attached to the Motion now at issue, is also for property taxes allegedly owed by Crestland Cooperative.
3. The property tax debt owed to Union County that is asserted in the amended Proof of Claim arises from a Tax Increment Development Agreement by and between Union County and CF Processing L.C. and Crestland Cooperative and the City of Creston that caused the property to be assessed for property tax purposes at a minimum value beginning January 1, 1997.  *See* Exhibit "B" to Union County's Amended Proof of Claim, filed with the Motion for Leave to File.
4. The Tax Increment Development Agreement was authorized pursuant to Iowa Code Chapter 403, and in particular Iowa Code §403.6(8) and §403.19.
5. The original Proof of Claim filed by Union County was for property taxes owed by Crestland Cooperative that were not based on a tax increment development agreement.
6. The Union County Treasurer overlooked the tax obligation at issue in the amended Proof of Claim when she filed the original Proof of Claim.

(Case No. 01-05005-lmj7, Docket No. 1029 at 1-2.)

## BACKGROUND

On September 26, 2001 Crestland Cooperative, an Iowa cooperative under Iowa

Code section 499, filed a petition for relief under Chapter 11 of Title 11 of the United

States Code.  On page one of the petition, Crestland stated that it did business as CF

Processing.  Crestland did not list Union County on the matrix of creditors and did not list any debt to Union County on any schedules regarding liabilities.  Amendments to the matrix and schedules do not include Union County or any debt to Union County.  In the 11 U.S.C. section 341 notice, the Clerk of Court indicated January 24, 2002 was the proof of claim deadline for all creditors except governmental units.[2]

On October 25, 2001 CF Processing, an Iowa limited liability company, filed a petition for relief under Chapter 11 of Title 11 of the United States Code.  On page 2 of the petition, CF Processing stated Crestland was its parent corporation.  On November 9, 2001 CF Processing added the Union Country Treasurer to the matrix of creditors, added a claim in the amount of $1,059,755.00 for personal property tax on amended Schedule E (Creditors Holding Unsecured Priority Claims) and added Crestland as a codebtor for that claim on amended Schedule H (Codebtors).  In the 11 U.S.C. section 341 notice, the Clerk of Court indicated February 24, 2002 was the proof of claim deadline for all creditors except governmental units.[3]

On November 15, 2001 the Treasurer for Union County filed Proof of Claim Number 844 in the Crestland case and Proof of Claim Number 1 in the CF Processing case.  On the Crestland proof of claim form, the treasurer reported the basis of the claim was taxes,[4] the debt was incurred July 1, 2001, the amount of the claim as of

---

[2] Seemingly at odds with the set information contained in Official Form B9F (Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines), Rule 3003(c) of the Federal Rules of Bankruptcy Procedure makes the deadline applicable to all creditors in Chapter 9 and Chapter 11 cases.  It is Rule 3002(c)(1) of the Federal Rules of Bankruptcy Procedure that initially gives governmental units more time after the date of the order for relief to file a proof of claim in Chapter 7, Chapter 12 and Chapter 13 cases.

[3] See supra note 2.

[4] In section one (basis for claim) of the proof of claim form, the treasurer checked the box for "[t]axes." (Case No. 01-05005-lmj7, Proof of Claim No. 844.)

September 26, 2001 was $258,346.00 (excluding a penalty of $3,876.00) and the claim was secured by real estate.   Attached to the proof of claim form is a two-page tax statement summary containing twenty entries.   November 13, 2001 is the stated penalty date.   On the CF Processing proof of claim form, the treasurer reported the basis of the claim was a yearly assessment on a bond issue,[5] the debt was incurred July 1, 2001, the amount of the claim as of October 25, 2001 was $806,030.00 (including a penalty of $6,000.00) and the claim was secured by real estate.   Attached to the proof of claim form is a one-page tax statement summary containing one entry referring to a building on leased land that does not appear to be a duplicate of any of the entries on the statement supporting the amount requested in Proof of Claim Number  844.   November 13, 2001 is the stated penalty date.[6]

On February 12, 2002 attorneys for Union County entered an appearance and request for notice in the Crestland case and in the CF Processing case.

On September 13, 2002 the Court entered an order converting the Crestland case from Chapter 11 to Chapter 7.   In the 11 U.S.C. section 341 notice in the converted case, the Clerk of Court directed creditors not to file proofs of claim until otherwise instructed.   Then on October 3, 2002 the Clerk of Court issued a Notice of Need to File Proof of Claim Due to Recovery of Assets, setting January 2, 2003 as the

---

[5] In section one (basis for claim) of the proof of claim form, the treasurer checked no boxes but added "YEARLY ASSESSMENT ON BOND ISSUE" on the line next to the "[o]ther" box. (Case No. 01-05524-lmj11, Proof of Claim No. 1.)

[6] The Court has not been able to determine why the Union County Treasurer included the penalty in calculating the amount of the claim in one case but not in the other case.  The penalty date is November 13, 2001 in both cases.  She signed both claim forms on November 14, 2001.  Like the Crestland case, the CF Processing case commenced prior to the November 13, 2001 penalty date.

deadline for all creditors to file their proofs of claim.[7]  The notice clarified that a creditor that had filed a proof of claim previously did not need to refile that proof of claim.

On November 7, 2002 the attorneys for Union County filed an objection to the United States Trustee's then pending motion to convert the CF Processing case from Chapter 11 to Chapter 7.  In that document, counsel stated that "Union County is a creditor herein as a result of being a party to [a Development Agreement and a Minimum Assessment Agreement]" and "Union County is willing to consider amending the agreements if the operations of CF Processing can be reorganized and continued." (Case No. 01-05524-lmj11, Docket No. 140 at 1.)

On December 27, 2002 the United States Trustee withdrew the motion to convert based on a stipulation with CF Processing that provided CF Processing would file its plan and disclosure statement by March 15, 2003.  Instead CF Processing filed a motion for a status hearing on March 14, 2003, and the United States Trustee filed a motion to dismiss on April 3, 2003.  As a result of a status hearing on April 9, 2003, the Court entered an order dismissing the CF Processing case effective April 30, 2003 unless a party in interest objected to that disposition in the interim.  No party in interest filed an objection.

---

[7] Rule 3002(c) of the Federal Rules of Bankruptcy Procedure, that governs the time for filing a proof of claim in Chapter 7, Chapter 12 and Chapter 13 cases, states in relevant part:

> (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed. R. Bankr. P. 3002(c).  Rule 9006(b)(3) of the Federal Rules of Bankruptcy Procedure states:  "The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules."  Since paragraph (5) of Rule 3002(c) does not provide for any extension, the Court cannot extend the deadline established by that paragraph.

On May 29, 2003 the attorneys for Union County filed the pending motion for leave to amend Proof of Claim Number 844.  On the attached proposed amended proof of claim form, counsel reported the basis of the claim was taxes,[8] the amount of the claim as of September 26, 2001 was $670,476.00 and the entire claim was an unsecured priority claim pursuant to 11 U.S.C. section 507(a)(8) (2000).[9]  Nothing was stated regarding the date the debt was incurred.  Attached to the proposed amended proof of claim form is a copy of the same two-page tax statement summary that the Union County Treasurer attached to original Proof of Claim Number 844 and a copy of the October 1997 Tax Increment Development Agreement ("Development Agreement") by and between Union County, CF Processing (as Developer of a project area for use as a soybean processing facility), Crestland Cooperative (as Guarantor of the Developer's performance) and the City of Creston.  Missing from the amended proof of claim is a copy of the one-page tax statement summary that the Union County Treasurer attached to CF Processing Proof of Claim Number 1.

According to the last sentence in paragraph 2 in Article I of the Development Agreement, "[t]he intent of this agreement is that the Developer will pay property taxes and any additional payments due under Article I, Paragraph 2 to the Treasurer of Union County annually in a combined sum of not less than $_____ per year for the term

---

[8] In section one (basis for claim) of the proof of claim form, the attorney who signed the document checked the box for "[t]axes."  (Case No. 01-05005-lmj7, Docket No. 1005 at 3.)

[9] 11 U.S.C. section 507(a)(8) (2000) states in relevant part:
     (a) The following expenses and claims have priority in the following order:
       . . . .
      (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
        . . . .
       (B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

of this Agreement."  (Case No. 01-05005-lmj7, Docket No. 1005 at 13.)   Article IA

indicates "the Guarantor agrees that each obligation of, consideration given by, and

right or remedy against, Developer shall be equally applicable to Guarantor: <u>provided</u>,

that County and City shall have provided notice to Developer and Guarantor, and

Developer shall be in default or breach of this Agreement."  <u>Id</u>. at 14.   Paragraph 2 in

Article IV provides that the Development Agreement and the exhibits it references "shall

constitute the entire contract between the County, the City, the Developer and the

Guarantor," and paragraph 6 in that article states that "[t]he responsibilities of the

Developer and the Guarantor shall be joint and several."  <u>Id</u>. at 16.

The Minimum Assessment Agreement, one of the exhibits the Development

Agreement references, indicates that:

> 1.   Beginning with the valuation for January 1, 1997 the minimum actual taxable value which shall be fixed for assessment purposes for the Development Property and Minimum Improvements to be constructed thereon by the Developer shall be not less than Nineteen Million Dollars ($19,000,000) (hereinafter referred to as the 'Minimum Actual Value') until termination of this Minimum Assessment Agreement.

<u>Id</u>. at 24.   This exhibit further provides that "[t]he Minimum Actual Value herein

established shall be of no further force and effect and this Minimum Assessment

Agreement shall terminate on December 31, 2017."  <u>Id</u>. at 25.   Similar to the last

sentence in paragraph 2 of Article I of the Development Agreement, it states that:

> 2.   Notwithstanding any other language in this Agreement, Developer and Guarantor agree to pay property taxes and any additional payments due under Article I, paragraph 2 of the Development Agreement between the County, the Developer, the City and the Guarantor to the Treasurer of Union County annually in a combined sum of not less than $_____ per year for the term of this Agreement.

---

11 U.S.C. § 507(a)(8) (2000).

Id. at 25.[10]

## APPLICABLE LAW

No provision in the United States Bankruptcy Code and no rule contained in the Federal Rules of Bankruptcy Procedure set forth the manner in which a proof of claim may be amended.  Rule 7015 of the Federal Rules of Bankruptcy Procedure indicates Rule 15 of the Federal Rules of Civil Procedures applies in adversary proceedings. Rule 9014(c) of the Federal Rules of Bankruptcy Procedure identifies those bankruptcy rules, that make civil rules applicable in adversary proceedings, that are also generally applicable in contested matters in chapter cases.  Rule 7015 is not among those rules, but Rule 9014(c) adds that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."  Fed. R. Bankr. P 9014(c).

"The disposition of a motion to amend a proof of claim falls within the sound discretion of the bankruptcy court."  In re Stavriotis, 977 F.2d 1202, 1204 (7th Cir. 1992).  Permission to amend a proof of claim is freely given "'so long as the claim initially provided adequate notice of the existence, nature, and the amount of the claim as well as the creditor's intent to hold the estate liable.'"  United States v. Berger (In re Tanaka Bros. Farms, Inc.), 36 F.3d 996, 998 (10th Cir. 1994), quoting Unioil v. Elledge (In re Unioil, Inc.), 962 F.2d 988, 992 (10th Cir. 1992).  Accord Matter of Donovan Wire & Iron Co., 822 F.2d 38, 39-40 (8th Cir. 1987).  The general rule in the Eighth Circuit is that a creditor may file an amendment to a timely filed proof of claim after the claims bar

---

[10] The Court has not been able to determine what dollar amount should appear in the blank in paragraph 2 of Article I of the Development Agreement and in paragraph 2 of the Minimum Assessment Agreement. Perhaps the comment "tax accrues at $67,003 per month" that appears next to the entry for the claim of the Union County Treasurer on CF Processing's Amended Schedule E (Creditors Holding Unsecured Priority Claims) reflects the property tax portion of that amount, but that is far from certain.  (Case No. 01-05524-lmj11, Docket No. 23 at 18.)

date expires and that amendment will relate back to the date of the original proof of claim. <u>Matter of Best Refrigerated Exp., Inc.</u>, 192 B.R. 503, 505-506 (Bankr. D. Neb. 1996). While amendments are "freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim," nevertheless a "court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment." <u>In re International Horizons, Inc.</u>, 751 F.2d 1213, 1216 (11th Cir. 1985). <u>Accord</u> <u>Gens v. Resolution Trust Corp. (In re Gens)</u>, 112 F.3d 569, 575 (1st Cir. 1997); <u>Stravriotis</u>, 977 F.2d at 1206. In addition, "the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate" and "the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant." <u>Gens</u>, 112 F.3d at 575.

## DISCUSSION

The essence of Union County's argument is that both the original proof of claim and the proposed amended proof of claim are based on the same conduct—collection of property taxes. Accordingly, that the collection in the first instance was based on property owned by Crestland while the collection in the second instance was based on the Development Agreement should be deemed a distinction that does not make a difference.

Though the Trustee and Wachovia have stipulated that the original and proposed amended proofs of claim are for property taxes, they do not concede the essence of Union County's argument. Rather they contend the distinction between Crestland being directly responsible for property taxes on property it owns and Crestland being a

guarantor of property taxes as a result of a contractual relationship does make a difference.

The parties agree that the Union Country Treasurer "overlooked" the Development Agreement when filing Proof of Claim Number 844 because the county records carried it as an obligation of CF Processing.[11]  Her filing Proof of Claim Number 1 only in the CF Processing case on the same day she filed Proof of Claim Number 844 in this case is consistent with that explanation.  The Trustee, however, argues that is evidence in support of treating any liability Crestland may have as a result of the Development Agreement as a separate claim.  The Court agrees.

Though the Development Agreement indicates the responsibilities of Crestland and CF Processing are joint and several, the contract also indicates Crestland agreed to that arrangement only upon default or breach of the agreement by CF Processing and only upon notice from Union County and the City of Creston to it and its subsidiary.  Unlike the routine assessment of property taxes on property it owns, Crestland's liability under the Development Agreement is conditional.  Indeed, Crestland filed its petition for relief approximately a month before CF Processing commenced its case.  Nothing in Union County's filings indicates that CF Processing was in default or breach of the Development Agreement prior to the time Crestland filed its petition or, if it was in

---

[11]   Unlike Chapter 11 cases in which Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure governs the time for filing proofs of claim and in turn contested requests for extension of time must satisfy the excusable neglect standard found in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the excusable neglect standard is of no moment in a Chapter 7 case.  See supra note 7.  One might argue that a court should not permit an untimely amendment to a proof of claim to relate back to a timely filed original claim in a Chapter 7 case because "relation back is permitted by the law that provides the statue of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1).  However, the three instances in which relation back is permitted under Rule 15(c) are set forth in the disjunctive.  That seemingly permits a creditor in a situation like the one in this Chapter 7 case to make an argument that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

default or breach, that Union County and the City of Creston had given Crestland and CF Processing notice prior to the commencement of Crestland's case.

As for the expectations of the two debtors, Union County's attorneys became involved in both cases long before the deadline to file a proof of claim related to the Development Agreement had been set, let alone expired, in the converted Crestland case.  Yet, those attorneys seemingly limited their discussions about any claim related to the Development Agreement to CF Processing's case, and those discussions went so far as to suggest Union County would be willing to amend the Development Agreement and the related Minimum Assessment Agreement if CF Processing could go forward as a reorganized entity.  If Union County is contending that Crestland should have had a reason to suspect that Union County would later argue its proof of claim for routine property taxes was meant to include property tax related to the Development Agreement,  the Court is unable to find the record supports that argument.  That CF Processing listed Crestland as a codebtor on the debt CF Processing owed Union County is not enough against a review of what transpired in both cases.

Likewise, it cannot be overlooked that Union County filed the motion for leave to amend Proof of Claim Number 844 only after it would have been certain that the CF Processing case had been dismissed.  Then, when it did file the motion, it attached a proposed amended proof of claim that is less than crystal clear.  That is, the date the debt was incurred is missing and the one-page tax statement summary that the Union County Treasurer attached to Proof of Claim Number 1 in the CF Processing case is missing.  There is no explanation regarding how the total amount of the proposed amended claim was calculated vis-à-vis the total amounts that appear on the two proofs

of claim the Union County Treasurer filed on November 15, 2001.  It is unclear if the

total amount of the proposed amended claim includes "any additional payments" under

the Development Agreement.  Finally, since judicial notice of the Iowa Secretary of

State's Web site reveals that CF Processing remained active until September 5, 2006,

the Court must question whether Union County had received any payments from that

entity as of the time it filed its motion for leave to amend Proof of Claim Number 844

and whether it has received any other payments from that former debtor in the interim.

CONCLUSION

WHEREFORE, for the reasons set forth in this Memorandum of Decision, the

Court finds that Union County's motion for leave to amend Proof of Claim Number 844

to add an amount related to the Development Agreement and to change the total

amount claimed from the secured category to the unsecured priority category must be

denied.  Though not specifically requested in the motion, Union County may amend

Proof of Claim Number 844 to reflect what portion of the original amount claimed, if any,

should be in the unsecured priority category.

A separate Order shall be entered accordingly.

/s/ Lee M. Jackwig
Lee M. Jackwig
U.S. Bankruptcy Judge

Parties receiving this Order from the Clerk of Court:
Electronic Filers in this Chapter Case; W. Hauser; B. Procida